## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**BLX GROUP INC**,<br><br>Debtor. | Case No.  **09-61893-11** |
| **CASA CAPTIVA, LLC** and **BRUCE ERICKSON**,<br><br>Plaintiffs.<br><br>-vs-<br><br>**EDRA D BLIXSETH**, **BLX GROUP, INC**, **Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP**, **RICHARD J SAMSON**, and **Marc S Kirschner, as Trustee of the Yellowstone Club Liquidating Trust**,<br><br>Defendants. | Adv No.  **09-00048** |

## MEMORANDUM OF DECISION

At Butte in said District this 8th day of June, 2010.

In this adversary proceeding several matters are pending, including (1) motion for judgment on the pleadings (Docket No. 68) filed by Defendant Carl A. Eklund, as Chapter 11 Trustee ("Trustee") of the Estate of BLX Group, Inc. ("Estate"), and Plaintiffs' objection thereto (Dkt. 82); motion to dismiss Claim Two of the amended complaint for lack of standing filed by Defendant Liner Grode Stein Yankelevitz, Sunshine Regenstreif & Taylor LLP ("Liner") (Dkt.

1

76) and Plaintiffs' objection thereto (Dkt. 85); and Plaintiffs' Applications for leave to file second amended complaint (Dkt. 89) and for leave to file an amended answer to the Trustees and Estate's counterclaim (Dkt. 90), and objections thereto filed by the Trustee and Estate (Dkt. 108) and by Liner (Dkt. 109).  A hearing on these matters was held at Butte on April 6, 2010.  The parties appeared represented by counsel and the Court heard oral argument.  At the conclusion of oral argument the Court deemed the matters submitted and took them under advisement.  After review of the motions, Applications, objections, responses, replies, and applicable law, these matters are ready for decision.  For the reasons set forth below, based on the liberal rule for amendment of pleadings under Fed. R. Civ. P. 15(a)(2) in the Ninth Circuit, the Defendants' objections are overruled and Plaintiffs' Applications to file second amended complaint and to file amended answer both will be granted; the Trustee's and Estate's motion for judgment on the pleadings, to which Liner filed a joinder, will be denied; and Liner's motion to dismiss Claim Two of Plaintiffs' amended complaint will be denied.

The parties admit that this Court has subject matter jurisdiction of this adversary proceeding under 28 U.S.C. § 1334 and 28 U.S.C. § 157(c).  This is a core proceeding under 28 U.S.C. § 157(b)(2).

No testimony or exhibits were admitted at the April 6, 2010, hearing.  Plaintiffs were represented by attorney Joe E. Edwards ("Edwards") of Day, Edwards, Propester & Christensen of Oklahoma City, Oklahoma.  The Trustee and Estate were represented by the Trustee Carl Eklund, and by attorneys Vincent J. Marriott, III, and Joel E. Tasca ("Tasca") of Ballard Spahr LLP, Philadelphia, PA.  Liner was represented by attorneys Ellyn S. Garofalo ("Garofalo") and Peter E. Garrell of Los Angeles, CA.  Defendant Edra D. Blixseth ("Edra") was represented by

attorney Gary S. Deschenes of Great Falls, MT.  The Court heard oral argument from Edwards

for the Plaintiffs, and Tasca for the Trustee and Estate.  Garofalo stated that Liner joins the

argument of the Trustee and Estate.

## BACKGROUND FACTS & PROCEDURAL HISTORY

This adversary proceeding commenced on July 16, 2009, when Plaintiffs filed their

complaint, Dkt. 1.  At the time this adversary proceeding was commenced, the lead case was *In

re Edra D. Blixseth*, Case No. 09-60452-11[1].

Plaintiffs' original complaint was for declaratory and injunctive relief.  Claim One sought

specific performance under an "Exchange Agreement[2]" dated July 30, 2008, seeking that the

Court command Edra and BLX Group, Inc. ("BLX") to transfer BLX's rights and interests in

four lots tracts of real property[3] known as "Casa Captiva" located in the State of Baja California

Sur, Mexico, (the "Mexican Property") to Plaintiffs, and to subordinate any interests claimed by

Edra's bankruptcy Trustee and/or the Trustee of Yellowstone Club Liquidating Trust ("YCLT").

The Exchange Agreement describes at paragraph 1.1 the nature of the rights and interests

of the "Casa Captiva Seller" or BLX, as "beneficial owner through fideicomiso or Mexican bank

trusts (with HSBC Mexico, S.A. and BBVA Bancomer)" ("Mexican bank trusts").  Paragraph 5.1

on page 5 of the Exchange Agreement describes the title of the Casa Captiva Seller in the

---

[1]By Joint Stipulation, Dkt. 45, this adversary proceeding was transferred to Case No. 09-61893-11 by Order entered December 8, 2009.  Dkt. 47.

[2]The Exchange Agreement was attached as Ex. A to the complaint, Dkt. 1.

[3]The property description is also set out in Ex. B to the complaint. Dkt. 1.  Casa Captiva appears to consist of remaining portions of Lots 5 and 6, Lot 15, and 16, Punta Bella, San Jose del Cabo, B.C.S.

Mexican Property as free and clear of all liens and other encumbrances, "except only for the fact that foreign ownership of the Casa Captiva [Mexican Property] is required, under Mexican law, to be held in a fideicomiso or Mexican bank trust and, in the case of Casa Captiva, is owned by the two fideicomiso or Mexican bank trusts . . . ."

Among other terms, the Exchange Agreement provides for the exchange by Plaintiff Bruce Erickson of his interest[4] in Unit 304 of the Warren Miller Lodge Condominiums, in Madison County, Montana,[5] for the Mexican Property. The Casa Captiva Seller had the election to rescind the Exchange Agreement prior to June 30, 2009, with the closing on any rescission to occur by July 31, 2009. Until then, the Exchange Agreement required at paragraph 3.1 that the parties' conveyances of their interests in the Mexican Property and Unit 304 to be held in trust prior to expiration of the Casa Captiva Seller's election to rescind. The Exchange Agreement was signed by Plaintiff Bruce Erickson personally and as manager for Plaintiff Casa Captiva, LLC ("Casa Captiva Buyer"), Timothy L. Blixseth as president of BLX, and by Edra as "Casa Captiva Holder of Possessory Rights."

Claim Two against Liner asks for a declaratory judgment that a mortgage, pledge or lien on a portion of the Mexican Property granted to Liner by BLX on October 15, 2008, for over $3

---

[4]Erickson's interest in Unit 304 is his right to purchase Unit 304 under a purchase and sale agreement. Exchange Agreement, page 2, paragraph 1.5. As of the date of the Exchange Agreement Erickson had not received a notice of substantial completion of his purchase of Unit 304, but he "expects to receive such notice" and the Exchange Agreement provides for a closing to occur within 30 days thereafter.

[5]The Exchange Agreement describes Unit 304 as of the "WM Lodge Condominiums, located on Tract 1 of the Final Plat of Yellowstone Mountain Club, Phase 4, located in Section 12, Township 7 South, Range 2 East, P.M.M., Madison County Montana," together with a percentage interest in the common elements.

4

million, is void as a fraudulent transfer under Montana statutes, MONT. CODE ANN. ("MCA") §§ 31-2-333(1)(a) and 33-2-334(1).  Plaintiffs ask that BLX and the Liner Firm be ordered to release or remove the mortgage, and to award Plaintiffs' attorney fees and costs.  Claim Three requested an injunction against Edra and BLX from trying to sell the Mexican property or any interest in the Mexican bank trusts.  Claim Four requests alternatively to lift the automatic stay and permit Plaintiffs claims to be litigated in a "Federal Lawsuit", *Casa Captiva, LLC and Bruce Erickson v. Edra D. Blixseth, BLX Group, Inc. and Liner Yankelevitz Sunshine & Regenstreif LLP*, Case No. CV-09-12-BU-SEH, United States District Court for the District of Montana.

Before any answers could be filed, on July 21, 2009, Plaintiffs filed an amended complaint (Dkt. 5).  The amended complaint continues to aver that Erickson performed his obligations under the Exchange Agreement by conveying his interest in Unit 304 to BLX by recorded warranty deed, but that BLX failed to perform by transferring the Mexican Property.  YCLT and Liner both filed answers on August 17, 2009, denying liability and asserting affirmative defenses.

An involuntary Chapter 11 petition was filed commencing Case No. 09-61893, *In re BLX Group Inc.*, ("BLX case") on September 21, 2009, by petitioning creditors including Marc S. Kirschner, as Trustee of the YCLT.   YCLT filed an expedited motion to appoint a Chapter 11 Trustee, which was granted after hearing by the Court.  The Court entered an Order for Relief under Chapter 7 effective October 9, 2009.  The Court directed the U.S. Trustee to appoint a Chapter 11 trustee to manage and protect all of the Debtor's property.  The Court approved Carl A. Eklund's appointment as Trustee by Order entered October 29, 2009.

In this adversary proceeding the parties submitted a "Stipulated Scheduling Order" setting

5

forth deadlines for responsive pleadings, discovery, dispositive motions and trial.  As an accommodation to the parties, and after a status conference held on December 16, 2009, the Court entered the Stipulated Scheduling Order on December 28, 2009.  The Stipulated Scheduling Order, prepared by the parties, departed from this Court's usual format in that it did not include any deadline for amendment of the complaint[6].

The Trustee and Estate filed an answer and counterclaim on January 15, 2010 (Dkt. 62).  They denied liability and asserted that the Exchange Agreement is void or subject to rejection or rescission, and that Plaintiffs' remedies are limited to damages.  They assert affirmative defenses including that Plaintiffs are not entitled to specific performance under MCA §§ 27-1-415 and 27-1-421, and that the Trustee has the status of a bona fide purchaser for value of the Mexican Property under 11 U.S.C. § 544(a)(3).  Their counterclaim seeks to avoid the Exchange Agreement under § 544(a)(3) and 11 U.S.C. § 548(a)(1)(A), § 548(a)(1)(B)(ii)(I), and they seek recovery of any interest in the Mexican Property transferred to Plaintiffs under the Exchange Agreement under 11 U.S.C. § 550(a)(1).  Plaintiffs filed an answer to the counterclaim (Dkt. 65), denying the material allegations of the counterclaim and asserting affirmative defenses including that the Mexican Property is not property of the estate, that the Trustee's interest is subject to and inferior to their equitable interests, and that real property law of Mexico does not govern.

In the BLX case, Eklund moved to compel Edra to file Schedules.  Edra objected, and a hearing on that motion was scheduled to be held on January 15, 2010.  By Stipulated Order

---

[6]Ordinarily the Court sets a deadline for amendments to the pleadings, or to join additional parties.  The Stipulated Scheduling Order, prepared by the parties, makes no provision and sets no deadline for amendment to the complaint, but instead is limited to "responsive pleadings."  Thus no deadline was set for amendments to the complaint.

6

entered December 29, 2009, the Court ordered the Trustee Eklund to file Schedules by January 29, 2010, which was done.  Schedule A[7] lists the Estate's interest in real property, including "Casa Captiva" in Los Cabos, Baja California Sur, Mexico, valued at $12,875,000.00 encumbered by secured claims stated in the amount of $3,545,000.00.  Under "Nature of Debtor's Interest" next to the Mexican Property is an asterix "*," and a footnote at the bottom of the page states:  "In compliance with Mexican law, legal title to Casa Captiva is held by certain trusts, of which the Debtor is the sole beneficiary.  These trusts are more fully described on the attachment to this Schedule A[8]."  Schedule A also lists "100% Fee" interest in "Warren Miller Lodge, Unit 304."

The Trustee and Estate filed their motion for judgment on the pleadings on February 19, 2010 (Dkt. 68) with a supporting brief requesting dismissal of Plaintiffs' specific performance Claim One, and for judgment on their counterclaim seeking to avoid the Exchange Agreement under § 544(a)(3), §§ 548(a)(1)(A) & (B) as a fraudulent transfer, and to recover any transfer of the Mexican Property from Plaintiffs under § 550(a)(1) and sections cited therein.  Liner filed a joinder to the Trustee's and Estate's motion for judgment on the pleadings on February 24, 2010 (Dkt. 76) with a supporting brief, and included therein a motion to dismiss Plaintiffs' Claim Two seeking to avoid Liner's mortgage and pledge against the Mexican Property granted by BLX based upon F.R.B.P. Rule 12(b)(1) for lack of standing.

The Plaintiffs, Trustee and Estate, and Liner each have filed response briefs.  Liner joins

---

[7]The Schedules are at Dkt. 274 in Case No. 09-61893-11.  Amendments to the Schedules at Dkt. 315 did not involve the Mexican Property.

[8]The attachment is a "Description of Trusts" including a description of the Lots, and naming the trustees.

the Trustee and Estate's motion for judgment on the pleadings.  The Trustee and Estate filed a reply brief (Dkt. 104) relating to their motion for judgment on the pleadings.  The Plaintiffs filed a surreply (Dkt. 113).

On March 12, 2010, Plaintiffs filed Applications for leave to file a second amended complaint (Dkt. 89) and to file an amended answer to the Trustee's counterclaim (Dkt. 90).  Both Applications state that Plaintiffs have acquired additional information and understanding of the issues, and that their proposed amendments are necessary to clarify their factual allegations "and to more clearly state the legal bases" for the relief they seek and affirmative defenses they assert. The second amended complaint asserts similar Claims One and Two, except it removes references in the original complaint to the rescission.  Claim Three was changed to a claim for declaratory judgment against the Trustee and Liner requesting that the Exchange Agreement operated as a present assignment to Plaintiffs of BLX's trust interests in the Mexican Property, and asserts that Plaintiffs are the present owners.  Claim Four was changed to a request for imposition of a constructive trust against the Trustee, Estate and Liner, against their beneficial interests in the Mexican bank trusts which own in the Mexican Property, in order to prevent unjust enrichment.  Plaintiffs' proposed amended answer to the Trustee's counterclaim adds an alternative affirmative defense that BLX was the alter ego of Tim and Edra Blixseth at the time the Exchange Agreement was executed, offered to disprove intent to hinder, delay or defraud creditors and to prove that the Debtor received reasonably equivalent value from the transaction.

Responses in opposition to further amendment were filed by the Trustee and Estate, and by Liner.  The Trustee and Liner argue that the Plaintiffs are attempting to amend to avoid their dispositive motion for judgment on the pleadings, and that they allege no new facts but rather

8

seek only to change their legal theories to cure fatal flaws.  Liner agrees and objects that the proposed amendments are futile and offer no new facts which were not previously known to Plaintiffs, and includes quotes from a March 17, 2010, deposition of Bruce Erickson[9].

## DISCUSSION

### I. Plaintiff's Applications to Amend Complaint and Answer to Counterclaim.

Plaintiffs' Applications for leave to file second amended complaint and amended answer are intertwined with the Trustee's and Estate's motion for judgment on the pleadings.  The Trustee and Estate argue that Plaintiffs filed their Applications to amend in response to the motion for judgment on the pleadings, and that they should not be allowed to amend their pleadings.  The Court begins with the Plaintiffs' Applications to Amend, because the decision on whether to allow them to amend their complaint and answer will directly effect the analysis on the motion for judgment on the pleadings and Liner's motion to dismiss Claim Two.

Amendment of a complaint is governed by Rule 15(a) (made applicable in adversary proceedings by F.R.B.P. 7015).  In these circumstances Rule 15(a)(2) provides that a party "may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  The Ninth Circuit addressed amendment under Rule 15(a) in *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990):

> Under Fed.R.Civ.P. 15(a), after twenty days from the date when the initial complaint was served, "a party may amend [its] pleading only by leave of court or

---

[9]Liner did not call Erickson to testify at the April 6, 2010, hearing.  This Court does not accept testimony by deposition, except where all parties agree, and they have not.  In addition, paragraph 6.0 on page 7 of the Exchange Agreement provides that it comprises the entire agreement between the parties and supersedes all prior and contemporaneous oral and written agreements and discussions, and may be amended only in writing.  Thus, this Court disregards all purported excerpts from Erickson's deposition included in Liner's response (Dkt. 109 and 110).

by written consent of the adverse party; and leave shall be freely given when justice so requires." Although the rule should be interpreted with "extreme liberality," *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981), leave to amend is not to be granted automatically. A trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (listing these factors among others to be considered). Prejudice to the opposing party is the most important factor. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31, 91 S.Ct. 795, 802-03, 28 L.Ed.2d 77 (1971) (trial court "required" to take potential prejudice into account in deciding Rule 15(a) motion); 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* 1487 (1990).

*Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

The Trustee and Estate object that the Plaintiffs' proposed amendments allege no new facts but rather are intended to circumvent their dispositive motion for judgment on the pleadings, are directly contrary to the original complaint by alleging a present and unconditional assignment. They contend that allowing amendment would be unduly prejudicial to them because they prepared their dispositive motion for judgment on the pleadings, and that Plaintiffs' proposed amendments would be futile, first, because they cannot avoid the Trustee's avoidance powers under § 544(a)(3) by claiming the Estate's interest in the Mexican Property as personal property rather than real property. Second, they argue that Plaintiffs' theory that the Exchange Agreement was an unconditional and immediate assignment of BLX's interest in the Mexican Property is directly contradicted by the Exchange Agreement, which includes conditions such as a provision allowing rescission and that the conveyances be held in trust until expiration of the rescission period.

Although the Trustee and Estate's counterclaims seek to avoid the Exchange Agreement under several statutes, they argue that Plaintiffs' amendments to add theories of unjust enrichment and constructive trust are futile because the parties are governed by an express

10

contract (the Exchange Agreement), and the Trustee can defeat those theories by his avoidance powers.  Lastly the Trustee and Estate oppose amendment to add the alter ego theory because its purpose is not to prevent fraud but to facilitate it against the consequences of fraud against the Debtor and creditors, and its use would be inequitable.

Plaintiffs' reply that additional information became available since the filing of the complaint, including:  The lapse of the deadline for rescission; the filing of the involuntary petition against BLX in California; Eklund's appointment as Trustee; a 2010 legal opinion by Mexican attorneys that the Debtor's interests in the Mexican Property is not considered an interest in real property; and ongoing discovery.[10]  Plaintiffs argue that Defendants have not demonstrated any prejudice or undue delay, or that the proposed amendments would be futile.  Plaintiffs cite paragraph 2.1 of the Exchange Agreement in support of their proposed amendment that the Exchange Agreement operated as a present assignment.  Plaintiffs argue that their constructive trust theory is appropriate to place the parties in the positions they would be in if the contract had not been breached.  With respect to the alter ego allegations Plaintiffs argue that the Trustee misconstrues them, and that they allege alter ego simply to show that the benefits conferred on Edra in the Exchange Agreement also benefitted the Debtor BLX.

The Court is required under *Jackson* to interpret Rule 15(a)(2) with extreme liberality and "freely give leave when justice so requires."  *Jackson*, 902 F.2d at 1387.  In this light the Court considers Plaintiffs' Applications further amend their complaint and answer.

---

[10]The Trustee and Estate agree that discovery remains ongoing.  Edwards referred to ongoing discovery at oral argument.  The Plaintiffs have filed pending motions to compel Defendants, including Liner, the Trustee and the Estate, to answer discovery.  Dkt. 125 & 126.  This Court views discovery disputes with great concern.  The Court views dispositive motions with disfavor when there are unresolved discovery disputes.

In *Jackson*, leave to amend was denied on the grounds of prejudice to the opposing party and undue delay of more than a year before the plaintiffs filed their amended complaint. *Id.*, 902 F.2d at 1387-88. In the instant case Plaintiffs filed their Applications for leave to further amend the complaint and answer on March 12, 2010, less than 8 months after filing the initial complaint, and less than two months after the Trustee and Estate filed their answer and counterclaim.

In *Jackson,* the court determined that the defendants would be unduly prejudiced by additional discovery to cover new legal theories, which would be "manifestly unfair and unduly prejudicial." *Id.*, 902 F.2d at 1388 (citing cases). It also would have forced the appellees to relitigate a portion of a state court action. *Id.* No such undue prejudice has been shown by the Defendants in the instant case. The Plaintiffs' new theories and defenses arise out of the same transaction and set of circumstances. Further, all parties agree that discovery remains ongoing, and Defendants have not shown any additional discovery caused by the proposed amendments. Defendants failed to show that amendment would result in undue prejudice, which is the most important factor. *Jackson*, 902 F.2d at 1387.

On whether the amendments would produce undue delay in the litigation, the Court finds that the Defendants have failed to show that the second amended complaint and the amended answer would unduly delay the litigation. The litigation has been delayed, by joint agreement of the parties (See Dkt. 99, p. 2), and trial is now scheduled to commence on November 8, 2010. Discovery continues until August 15, 2010, again by agreement of the parties. No showing has been made that the proposed amendments would produce an undue delay in the litigation.

The final factor is that the proposed amendment would result in futility for lack of merit.

The Court will address Defendants' § 544(a)(3) contentions below.  With respect to the amended Claim Three alleging that Plaintiffs are present owners of the beneficial interests in the Mexican trust and therefore in the Mexican property, Defendants have not shown that the amendments are futile.  The interpretation of the Exchange Agreement is an issue left for the trier of fact, and Defendants have not shown the Plaintiffs amended Claim Three is futile.  The deletion of averments regarding rescission are insufficient to show that the amendments are futile.

The Trustee and Estate argue that Claim Four of the second amended complaint for the imposition of a constructive trust is futile based on Montana case law, *Maxted v. Barrett*, 643 P.2d 1161, 1164 (Mont. 1982), because the parties' relationship is governed by an express contract (the Exchange Agreement).  Plaintiffs cite in response an Illinois appellate decision, *Prodromos v. Poulos*, 202 Ill.App.3d 1024, 560 N.E.2d 942 (Ill. App. 1990).  The Exchange Agreement includes on page 8, paragraph 7.6, a provision that provides that it shall be governed by the laws of the State of Montana.  Such provision may govern and defeat the new Count Four of the second amended complaint seeking imposition of a constructive trust to prevent unjust enrichment, but it does not apply to the other Claims of the second amended complaint and therefore is not grounds for denial of the entire Application for leave to file the second amended complaint or the Application to amend answer to counterclaims.  Given the extreme liberality required for amendment under Rule 15(a)(2), *Jackson*, 902 F.2d at 1387, the Court declines to engage in piecemeal editing of the second amended complaint and answer.  The Court will allow the amendments, and Claim Four will be decided under governing law[11] along with the other

---

[11]Nothing in this decision insulates Claim Four from a dispositive motion under applicable rules.  Claim Four of the second amended complaint was filed after the motion for judgment on the pleadings, and thus was not subject to that motion.

claims for relief and counterclaim.

Next, at least with respect to Plaintiffs' Application to amend its answer, it appears that the parties argued the wrong rule because the Application was filed after a scheduling order. The first scheduling order (Dkt. 50) was entered on December 28, 2009. It set a deadline for any answer or other responsive pleadings not yet filed to be filed by January 8, 2010. Whether or not that deadline applied to amending the complaint, the January 8, 2010, deadline would appear to apply to Plaintiffs' Application to amend its answer to the Trustee's counterclaim. Where a motion is not filed within the time set in a scheduling order, a party cannot appeal to the liberal amendment procedures under Rule 15, but rather must satisfy the more stringent "good cause" showing required under Rule 16. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d at 952.

The Trustee, Estate, and Liner did not raise a Rule 16 objection to the Plaintiffs' Applications to amend their complaint and answer. Looking at Rule 16(b)(4), "a schedule may be modified only for good cause and with the judge's consent." The Court notes that the parties agreed to allow the Trustee and Estate additional time to file their answer and counterclaim. The parties have further agreed to reschedule deadlines and the trial date, as recently as April 1, 2010 (Dkt. 114).

The Trustee and Estate argue that the Plaintiffs' should not be allowed to amend their complaint and answer because their amendments did not reflect new facts but rather were an attempt to defeat the motion for judgment on the pleadings. This Court views Plaintiffs' amendments as consistent with their counsel's obligations under F.R.B.P. Rule 9011(b), and in addition their ethical obligations under Rule 3.3 ("Candor Toward the Tribunal") from the

14

Montana Rules of Professional Conduct.  Rule 3.3(a) provides:

> A lawyer shall not knowingly:
> (1) make a false statement of fact or law to a tribunal *or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.*

*(*Emphasis added).

If the averments in the second amended complaint regarding applicable Mexican law governing the ownership of real property were needed in order to correct a false statement of material law or fact, this Court views such amendment as appropriate under counsel's obligations under Rule 7011(b) and Rule 3.3(a).  The Court further finds that leave for such amendment should be given in the interests of justice under Rule 15(a)(2), and that such an amendment is filed for "good cause" with respect to Rule 16(b)(4) in order that the facts and law may be correctly set forth to the extent possible.

In sum, the objections by the Trustee, Estate and Liner will be overruled and Plaintiffs' Applications for leave to file second amended complaint and answer will be granted.

## II.  Motion for Judgment on the Pleadings.

The Trustee and Estate move for judgment on the pleadings seeking to dismiss Plaintiffs' claims against the Estate for specific performance, and for judgment in favor of the Trustee on Count I of the counterclaim avoiding any transfer effected by the Exchange Agreement based on § 544(a)(3).  Liner joined the Trustee's and Estate's motion, and the Plaintiffs objected.

A motion for judgment on the pleadings is provided for at Rule 12(c):  "Motion for Judgment on the Pleadings.  After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  In the Ninth Circuit, in deciding a Rule 12(c) motion for judgment on the pleadings the court must accept all factual allegations in the

complaint as true and construe them in the light most favorable to the non-moving party.

*Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009); *Pacific West Group, Inc. v. Real TimeSolutions, Inc.*, 321 Fed.Appx. 566, 569 (9th Cir. 2008); *Turner v. Cook*, 362 F.3d1219,1225 (9th Cir.2004).  "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law."  *Fleming v. Pickard*, 581 F.3d at 925,quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978 (1999).

The motion for judgment on the pleadings was filed prior to Plaintiffs' Applications for leave to file their second amended complaint and answer.  Therefore, the motion necessarily cannot apply to the new Claims Three and Four of the second amended complaint, or to the new affirmative defenses in Plaintiffs' answer to the counterclaim.

In objecting to the Plaintiffs' Applications to amend, the Trustee and Estate stated in Dkt. 108, p. 3, without citation to authority:  "The law also disfavors motions for leave to amend that are designed to avoid a pending dispositive motion, such as the Trustee's pending motion for judgment on the pleadings."  That argument is contrary to controlling Ninth Circuit authority, as explained in *Pacific West Group, Inc. v. Real TimeSolutions, Inc.*, 321 Fed.Appx. 566, 569 (9th Cir. 2008)[12]:

> Motions for judgment on the pleadings under Fed.R.Civ.P. 12(c) and motions to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) are "functionally identical," *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989), and this court has held that in 12(b)(6) dismissals, leave to amend should be granted even if no request is made *unless* amendment would be futile.

---

[12]Although not selected for publication in the Federal Reporter, because *Pacific West* was issued after January 1, 2007, it may be cited to the courts of this circuit in accordance with F.R.App.P. 32.1(a) and 9th Cir. App. R. 36-3(b).

> *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.,* 911 F.2d 242,
> 247 (9th Cir.1990) (emphasis added). Here, Pacific West's pleadings regarding its
> breach of contract claim could not possibly be cured by the allegation of other
> facts because, as discussed above, the valid "as-is" clause in the agreements bars
> such a claim as a matter of law.

Under the reasoning of *Pacific West,* this Court should grant leave to amend, even if no request is made, unless amendment would be futile, even in the face of a dispositive motion. *Id.* The Court above concluded that Plaintiffs should be granted leave to amend their complaint and answer because the Trustee and Estate, and Liner, failed to show that the amendments would be futile. Having made that determination the Court takes up the Trustee's and Estate's motion for judgment on the pleadings.

### A. 544(a)(3).

The Trustee's and Estate's motion for judgment on the pleadings, which Liner joined, is based primarily on the Trustee's "strong arm powers" under § 544(a)(3). The Trustee and Estate contend that the Trustee's status as a bona fide purchaser of real property under § 544(a)(3) defeats Plaintiffs' interests in the Mexican Property, which were never recorded, and further defeats Plaintiffs' claim for specific performance under Montana law, MCA § 27-1-421[13]. Plaintiffs respond that the interests in the Mexican Property for which they seek specific performance under the Exchange Agreement are not real property interests, but beneficial

---

[13]Section 27-1-421 provides:

"Whenever an obligation in respect to real property would be specifically enforced against a particular person, the obligation may be in the same manner enforced against any other person claiming under the particular person by a title created subsequently to the obligation except a purchaser or encumbrancer in good faith and for value and except that any other person may be exonerated by conveying all of that person's estate to the person entitled to enforce the obligation."

interests in the Mexican bank trusts.

A bankruptcy trustee has the power to avoid any transfer that a hypothetical bona fide purchaser for value could have avoided under the law of the state in which the real property is located. *In re Deuel*, 594 F.3d 1073, 1076 (9th Cir. 2010); *In re Horob Livestock Inc.*, 382 B.R. 459, 481 (Bankr. D. Mont. 2007). The relevant portion of § 544(a)(3) states:

> (a) The trustee shall have, *as of the commencement of the case,* and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by-
>
> ...
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer *at the time of the commencement of the case,* whether or not such a purchaser exists.

*Deuel*, 594 F.3d at 1076 (emphasis in original). The Trustee's power as a bona fide purchaser of real property are defined by state law. *Id.*; *In re Seaway Express Corp.*, 912 F.2d 1125, 1128 (9th Cir. 1990).

Accepting all factual allegations in the second amended complaint as true and construing them in the light most favorable to the nonmoving party, *Fleming v. Pickard*, 581 F.3d at 925, this Court concludes that § 544(a)(3) has no application to the property interests which are the subject of the Exchange Agreement. First, the interests in the Mexican Property that are the subject of the Exchange Agreement are not real property interests. Rather, by the plain language of the Exchange Agreement they are beneficial interests through two Mexican bank trusts, or "fideicomiso." This distinction of property and beneficial interests is made plain not only the in the Exchange Agreement at the first sentence of paragraph 1.1, but also at paragraph 5.1 which

18

states "the fact that foreign ownership of the Casa Captiva is required, under Mexican law, to [be] [sic] held in a fideicomiso or Mexican bank trust and, in the case of Casa Captiva, is owned by the two fideicomiso or Mexican bank trusts . . . ."[14]

The second amended complaint also includes factual allegations at paragraph 12 on page 3, which are taken as true and construed in the light most favorable to the nonmoving Plaintiffs, *Fleming v. Pickard*, 581 F.3d at 925, that BLX owned "beneficial interests in the Mexican Trusts that owned the Mexican property." Thus, the interests in the Mexican Property, which are the subject of the Exchange Agreement and this adversary proceeding, are not real property interests, but rather are beneficial possessory interests in Mexican bank trusts which own the real property. The Trustee recognized as much in the Schedule A which he filed in the involuntary Chapter 11 case, where a footnote to the Mexican Property makes clear that the estate's interest is comprised of interests in the Mexican bank trusts. Therefore, the "Mexican Property" that is property of the estate and the subject of this adversary proceeding is not comprised of real property, but rather beneficial interests in Mexican trusts, and therefore § 544(a)(3) simply has no application.

Second, by its own terms § 544(a)(3) prohibits its application to the Mexican property, by its reference to "applicable law." Section 544(a)(3) limits a trustee's powers as bona fide purchaser of real property from the debtor to those of a debtor "against whom applicable law permits such transfer to be perfected ...." The Ninth Circuit in *Deuel*, 594 F.3d 1076, held under § 544(a)(3) that the law where the real property is located determines whether a transfer could be avoided. In the instant case, Mexican law controls.

---

[14]For present purposes it does not matter whether the subject interests are held by two Mexican bank trusts, as alleged in the Exchange Agreement, or by three Mexican bank trusts as alleged in paragraph 7 of the counterclaim filed by the Trustee and the Estate (Dkt. 62, p. 15).

The Trustee and Estate's counterclaim, paragraph 7, states that legal title to the parcels of real property is held by the Mexican bank trusts "in accordance with Mexico law regarding the ownership of real property by non-Mexicans." Their reply brief states on page 5: "Although it may be strictly true that Mexican law views such trust interests as personal property, the *fideicomisos* in reality are merely a legal construct to get around a provision of the Mexican Constitution that prohibits direct ownership of real estate by foreigners in certain areas of the country." This Court has no intention, and no desire, to "get around" the provision of the Mexican Constitution prohibiting ownership of real property by non-Mexicans. Unless the Trustee and the Estate satisfy their burden to show that they are eligible under the Mexican Constitution to own the real property, and they have not satisfied that burden, then they cannot, under the language of § 544(a)(3) applying "applicable law," exercise any rights as bona fide purchaser of the Mexican Property even if the interests were real property interests rather than beneficiary interests in Mexican bank trusts.

In short, § 544(a)(3) has no application to the Mexican Property which is the subject of the Exchange Agreement. It necessarily follows that all of the arguments of the Trustee, the Estate, and the Liner firm which are based on the application of § 544(a)(3) in this case, fail.

Next, the Trustee and Liner contend that even if the property interests are personal property, their motion for judgment on the pleadings should be granted because there is a presumption under Montana law against specific performance of obligations to transfer personal property, citing § 27-1-419, § 27-1-311 and § 27-1-401 and statues cited therein. Plaintiffs reply that specific performance may be compelled under MCA § 27-1-411(2) which provides that specific performance may be compelled when "the act to be done is such that pecuniary

compensation for its nonperformance would not afford adequate relief.  The Trustee and Estate cite *Merkes v. Mapston*, 257 Mont. 408, 849 P.2d 210, 211 (1993), as authority supporting their argument that specific performance is an appropriate remedy only in certain circumstances. Based on § 27-1-419, the Trustee and Estate contend that it is to be presumed that the breach of an agreement to transfer personal property can be relieved by pecuniary compensation[15]. Plaintiffs argue that the interests in the Mexican bank trusts and underlying Mexican property are considered to be unique, and that any presumption is rebuttable.

The Court notes that the court in *Merkes v. Mapston* specified that the circumstances provided for in § 27-1-411 were not present.  257 Mont. at 212, 849 P.2d at 411.  Further, the presumption under § 27-1-419 that breach of an agreement to transfer personal property can be adequately relieved by pecuniary compensation, is a rebuttable presumption.  *Brubaker v. D'Orazi*, 120 Mont. 22, 33, 179 P.2d 538, 544 (1947).  Taking the factual allegations of the second amended complaint and the Exchange Agreement as true and construing them in the light most favorable to the nonmoving Plaintiffs, *Fleming v. Pickard*, 581 F.3d at 925, this Court concludes that the Trustee and Estate have failed to satisfy their burden under Rule 12(c) for judgment on the pleadings, and that Plaintiffs are entitled to the opportunity to rebut the presumption under § 27-1-419 under *Brubaker v. Dorazi*, 120 Mont. at 33, 179 P.2d at 544, and seek specific performance under the Exchange Agreement.

### III.  Liner Firm's Motion to Dismiss Claim Two.

---

[15]The Trustee and Estate repeatedly urge that Plaintiffs should have pleaded for monetary damages.  Comparing the possible value of the Mexican Property with the dubious likelihood of recovery on an unsecured nonpriority claim against the Estate, it is no mystery why Plaintiffs seek specific performance.

Liner's motion to dismiss Plaintiffs' Claim Two claim for declaratory relief against it is based upon F.R.B.P. 7012(b) and alleges that the Plaintiffs lack standing to assert their claim. Fed. R. Civ. P. 12(b)(1) applies in adversary proceedings under F.R.B.P. 7012(b). Rule 12(b)(1) is a defense for "lack of subject-matter jurisdiction." Liner's answer (Dkt. 32) admits at paragraph 8 on page 3 that this Court has subject matter jurisdiction over this proceeding. Standing pertains to a federal court's subject-matter jurisdiction and is properly raised in a Rule 12(b)(1) motion to dismiss. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

Liner argues that Claim Two should be dismissed because Plaintiffs have no legal title to or recorded interest in the Mexican Property, and their unrecorded interest in the Mexican Property is not enforceable against the Trustee as a BFP under § 544(a)(3), and they cannot acquire standing. Since this Court above concluded that § 544(a)(3) has no application to the Mexican Property, Liner's arguments based on § 544(a)(3) fail.

Next Liner argues that Plaintiffs' claim to avoid its lien and pledge is not ripe because Plaintiffs have not prevailed on their specific performance claim and do not yet have a legally cognizable right in the Mexican Property. Since no question exists about the existence of the mortgage or pledge to Liner, and the Plaintiffs' claim for specific performance is headed for trial, and viewing all material statements of fact in favor of the nonmoving party, this Court finds that Liner has not satisfied its burden under Rule 12(b) for dismissal of Claim Two. In *White v. Lee*, the court considered the factual allegations of an amended complaint and concluded that they established "a likelihood of future injury" sufficient to give the plaintiffs standing to seek declaratory and injunctive relief. 227 F.3d at 1242. Because of the allegations of Liner's mortgage or pledge against the Mexican Property which is the subject of the Exchange

22

Agreement referenced in the second amended complaint, the harm asserted has matured sufficiently to permit the Plaintiffs' Claim Two against Liner to go forward, assuming as the Court must under *Fleming v. Pickard*, 581 F.3d at 925, that the Plaintiffs may prevail against the Trustee and Estate on their claim for specific performance.

Liner's final argument is that Claim Two does not fall within the "zone of interest" protected by MCA § 31-2-333, because they do not have an enforceable or legally cognizable interests in the Mexican Property.  The second amended complaint, like the amended complaint, avers claims for relief based not only on § 31-2-333(1)(a) (transfers made with actual intent to hinder, delay, or defraud any creditor of the debtor), but also on § 31-2-334(1) (transfer made or obligation was incurred without receiving a reasonable equivalent value in exchange for the transfer or obligation and the debtor was insolvent or because insolvent as a result).

The Ninth Circuit BAP *In re Chiu*, 266 B.R. 743, 749 (9th Cir. BAP 2001) analogizes "zone of interest" to "statutory standing."  The issue in *Chiu* was whether there was statutory authority to avoid the lien under those circumstances.  *Id.*  The lien avoidance statute in *Chiu* was 11 U.S.C. § 522(f)(1), and the BAP concluded that the statute required only that the debtor have an interest in the property at the time that the lien attached, but did not require a "present interest" or even "physical or monetary interests."  *Chiu*, 266 B.R. at 751 (citing cases).

Liner does not explain any difference in Claim Two from the amended complaint to the second amended complaint.  Liner's motion to dismiss Claim Two does not (except by joinder with the Trustee and Estate's motion for judgment on the pleadings) address the Plaintiffs' § 31-2-334(1) claim at all.  Viewing the factual allegations of paragraphs 27 through 30 of the second amended complaint in the light most favorable to the Plaintiffs as the nonmoving parties,

23

*Fleming v. Pickard*, 581 F.3d at 925, this Court concludes that Liner has failed to satisfy its heavy burden of proof on its motion to dismiss Claim Two to void its mortgage and pledge. The Court finds that the Plaintiffs' interest alleged in the Mexican Property under the Exchange Agreement is within the "zone of interest" protected or regulated by § 31-2-333 and § 31-2-334(1). *Chiu*, 266 B.R. at 749.

## CONCLUSIONS OF LAW

1. This Court has subject matter jurisdiction of this adversary proceeding under 28 U.S.C. § 1334 and 28 U.S.C. § 157(c).

2. This is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Plaintiffs satisfied their burden under Rule 15(a)(2) of showing that justice requires that they be allowed to file their second amended complaint and amended answer to the Trustee's and Estate's counterclaim. The amended answer to the Trustee's and Estate's counterclaim is filed for good cause under Rule 16(b)(4).

4. The Trustee and Estate, and Liner, failed to satisfy their burden under Rule 12(c) for judgment on the pleadings to dismiss Claim One of the Second Amended Complaint.

5. Liner failed to satisfy its burden under Rule 12(b)(1) to dismiss Claim Two of the Second Amended Complaint for lack of standing.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above: (1) overruling the objections and granting Plaintiffs' Application for leave to file second complaint (Dkt. 89), and granting their Application for leave to file an amended answer to the Trustee's and Estate's counterclaim (Dkt. 90); (2) denying the motion for judgment on the pleadings filed by the Trustee and the Estate (Docket No. 68); and (3) denying Liner's motion to dismiss Count

Two (Dkt. 76).

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana